THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
JORDAN E. JOHNSON, SBN 324051
  jjohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendant NEW PRIME, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TERESA PARKER, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW PRIME INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:20-cv-3298<br><br>**DEFENDANT NEW PRIME, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Ventura County Superior Court Case No. 56-2020-00540835-CU-OE-VTA)<br><br>Action Filed: March 5, 2020<br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF TERESA PARKER AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant New Prime, Inc. ("New Prime") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 56-2020-00540835-CU-OE-VTA in Ventura County Superior Court, State of California. Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. Plaintiff Teresa Parker ("Plaintiff") filed a putative Class Action Complaint against New Prime, Inc. ("New Prime" or "Defendant") in Ventura County Superior Court, State of California, Case No. 56-2020-00540835-CU-OE-VTA, on March 5, 2020. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment and Mandatory Appearance, (e) Alternative Dispute Resolution (ADR) Package, (f) Proof of Service of Summons, and (g) Minute Order are attached as Exhibits 1–7 to the Declaration of Michele L. Maryott ("Maryott Decl.") filed concurrently herewith.

2. According to the proof of service filed by Plaintiff with the Ventura County Superior Court, Plaintiff served New Prime by Process Server on March 10, 2020. *See* Maryott Decl. ¶ 7, Ex. 6. Consequently, service was completed on March 10, 2020. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

## SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against New Prime pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

Gibson, Dunn & Crutcher LLP

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Maryott Decl. Ex. 2, Compl. ¶ 54.

5. Plaintiff asks the Court to "determine that this action may be maintained as a class action." Maryott Decl. Ex. 2, Compl., Prayer for Relief.

6. In her Complaint, Plaintiff alleges nine causes of action against New Prime: (1) Failure to Pay for All Hours Worked in Violation of California Labor Code §§ 201, 202, 204, and 221–223; (2) Failure to Pay Minimum Wages California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1; IWC Wage Order No. 9; (3) Failure to Provide Meal Periods, or Compensation in Lieu Thereof California Labor Code §§ 226.7 and 512 and Cal. Code Regs., Title 8 § 11090 ¶¶ 7 & 11; (4) Failure to Provide Rest Periods, or Compensation in Lieu Thereof California Labor Code § 226.7 and Cal. Code Regs., Title 8 § 11090 ¶ 12; (5) Failure to Keep Accurate Payroll Records California Labor Code §§ 1174 & 1174.5; (6) Failure to Furnish Accurate Wage Statements California Labor Code § 226; (7) Waiting Time Penalties California Labor Code §§ 201–203; (8) Unfair Competition and Unlawful Business Practices California Business and Professions Code §§ 17200, *et seq.*; and (9) Statutory Penalties Pursuant to PAGA (Labor Code §§ 2698, *et seq.*).

7. Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, including premiums for missed meal periods and rest breaks, restitution, interest, and attorneys' fees and costs. Maryott Decl. Ex. 2, Compl., Prayer for Relief.

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the

Gibson, Dunn & Crutcher LLP

3

aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. New Prime denies any liability in this case, both as to Plaintiff's individual claims and as to the claims she seeks to pursue on behalf of a class. New Prime also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are many material differences between the named Plaintiff and the putative class members Plaintiff seeks to represent. New Prime expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

A. **The Proposed Class Consists of More than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed class consists of "[a]ll over-the-road truck drivers who have driven a truck for Defendant, whether during or after the training period, in California at any time beginning four years before the filing of this Complaint until the date of class notice." Maryott Decl. Ex. 2, Compl. ¶ 55.

12. New Prime's data reveal that there were 711 employee drivers who were employed by New Prime at some point in time from April 1, 2016 to December 31, 2019 and whose records reflect that they resided in California while working for New Prime. Declaration of Rodney Rader ("Rader Decl.") ¶ 5. Accordingly, while New Prime denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

B. **New Prime and Plaintiff Are Not Citizens of the Same State**

13. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any

defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff alleges that she "reside[s in] Oak View, California." Maryott Decl. Ex. 2, Compl. ¶ 28. As such, Plaintiff is a citizen of California.

15. New Prime is incorporated in the State of Nebraska and has its principal place of business in Springfield, Missouri. Rader Decl. ¶¶ 3–4. As such, New Prime is a citizen of Nebraska and Missouri. *See* 28 U.S.C. § 1332(c)(1).

**C.  The Amount in Controversy Exceeds $5 Million**

16. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

17. The Ninth Circuit applies "a preponderance of the evidence" standard to determine whether removal under CAFA is proper. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A defendant seeking to remove under CAFA need only "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional] amount" of $5 million. *Guglielmino*, 506 F.3d at 699 (internal quotation marks omitted). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

18. Moreover, in assessing whether the amount in controversy has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "'what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually

owe.'" *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

19. Although New Prime denies that Plaintiff's claims have any merit, New Prime avers, for purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on every single claim and allegation in her Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

20. New Prime reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. 547, 554 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]."). But for present purposes, it is sufficient to note that Plaintiff's claim for failure to pay for nonproductive time *alone* puts more than $5 million in controversy.

21. Plaintiff alleges that New Prime's "policies and practices have resulted in violation of one or more Labor Code Provisions," and includes among the allegations that New Prime systematically failed to pay Plaintiff and the putative class members for nonproductive time in violation of California Labor Code section 226.2. *See* Maryott Decl. Ex. 2, Compl. ¶¶ 17–18, 58(l). Specifically, Plaintiff alleges that during the limitations period, "New Prime's Drivers are paid only for driving, and not separately for any of the other work they perform, or for any of the time they must spend attempting to rest in the truck's sleeper berth," including "their mandatory 10-hour non-driving periods." *See* Maryott Decl. Ex. 2, Compl. ¶¶ 17, 42, 63–73. She also alleges that she was not separately compensated for her rest breaks. *Id.* ¶¶ 90–98. Plaintiff contends that she is entitled to all unpaid wages plus liquidated damages in the amount of the unpaid wages pursuant to Labor Code section 1194.2. *Id.* ¶ 80.

22. Plaintiff's broad allegation that she and putative class members were "not pa[id]" for all "time . . . spen[t] in the sleeper berth," including "their mandatory 10-hour

non-driving periods" necessarily places in controversy every day that Plaintiff and every putative class member worked during the class period. *See* Maryott Decl. Ex. 2, Compl. ¶¶ 45, 46. The federal Department of Transportation hours of service ("HOS") regulations strictly limit the number of hours that a driver may work and drive. Specifically, the HOS regulations allow a driver to drive up to 11 hours during 14 consecutive hours of on-duty time. 49 C.F.R. § 395.3(a) (Maryott Decl. ¶ 12, Ex. 10). The remaining three hours may be spent "on-duty" but not driving. *See id*. After 14 consecutive hours on-duty, the driver must take at least 10 consecutive hours off-duty. *Id*. Thus, if a driver works and drives the maximum number of hours under the HOS regulations, the driver would have thirteen hours of uncompensated time spent either on non-driving activities and rest breaks or off-duty for *each day that he works*.

23. Plaintiff alleges that New Prime systematically failed to compensate her and putative class members for all time spent on non-driving activities, including "their mandatory 10-hour non-driving periods." Although New Prime vigorously disputes that Plaintiff or other drivers could reasonably claim compensation for the "mandatory 10-hour non-driving periods," Plaintiff's allegation places more than $5 million in controversy. If a driver drove less than the maximum 11 hours allowed under the federal regulations, the number of uncompensated hours could be even greater.

24. New Prime's records reflect that a company driver, during a 365-day span of his employment with New Prime (which falls within the limitations period)[1], was on the road 340 of those days. In other words, the driver was on the road 340 days of the year. Rader Decl. ¶ 6.

25. Although the putative class was paid on a piece-rate basis, such that calculating putative class members' rate of pay would require extensive individualized inquiries, this Court may assume at this stage the legal minimum wage for purposes of

---

[1] New Prime had previously pulled this data with its successful removal of *Johnson v. New Prime, Inc.*, Case No. 2:18-cv-09398-DOC-AGR, Dkt. 1, to the United States District Court for the Central District of California. New Prime used similar methodology for calculating the amount in controversy based on plaintiff's alleged claim for failure to compensate nonproductive time and defeated a remand challenge.

calculating the amount in controversy. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010).

26. From January 1, 2016 to December 31, 2016, the state minimum wage was $10 per hour. From January 1, 2017 to December 31, 2017, the state minimum wage was $10.50 per hour. From January 1, 2018 to December 31, 2018, the state minimum wage was $11.00 per hour. From January 1, 2019 to December 31, 2019, the state minimum wage was $12.00 per hour. From January 1, 2020 to the present, the state minimum wage has been $13.00 per hour. *See* Maryott Decl. ¶¶ 10–11, Exs. 8–9. The average minimum wage during this period was $11.30.

27. Using the number of days a company driver spent on the road over the course of a year, assuming each putative class member drove only one year (a conservative estimate given length of the putative class period), and applying an $11.00 minimum wage for the entire period, the amount placed in controversy by the claim for failure to compensate for nonproductive time *alone* is $26,591,400. This is calculated as follows:

| | |
|---|---:|
| Number of days on the road | 340 |
| Plaintiffs' estimated nonproductive hours per day | x     10 |
| Average minimum wage | x $11.00 |
| Number of putative class members | x     711 |
| | $26,591,400 |

28. This figure is under-inclusive of the actual amount in controversy because it does not account for, among other things, any recovery sought for alleged failure to pay minimum wages (Second Cause of Action), failure to provide meal and rest breaks (Third and Fourth Causes of Action), failure to keep accurate payroll records (Fifth Cause of Action), non-compliant wage statements (Sixth Cause of Action), failure to pay all wages at time of termination (Seventh Cause of Action), violations of the Business & Professions Code §§ 17200, et seq. (Eighth Cause of Action), penalties under

the Private Attorneys' General Act (Ninth Cause of Action), any putative class members that have terminated their relationship with New Prime, or attorneys' fees.

29. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

30. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

   b. The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

   c. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

   d. At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

31. The United States District Court for Central District of California, Western Division is the federal judicial district in which the Ventura County Superior Court sits. This action was originally filed in the Ventura County Superior Court, rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

32. True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment and Mandatory Appearance, (e) Alternative Dispute Resolution (ADR) Package, (f) Proof of Service of Summons, and (g) Minute Order are attached as Exhibits 1–7 to the Declaration of Michele L.

Maryott, filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

33. Upon filing the Notice of Removal, New Prime will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Ventura County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: April 8, 2020

THEODORE J. BOUTROUS JR.
MICHELE L. MARYOTT
JORDAN E. JOHNSON
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michele L. Maryott*
Michele L. Maryott

Attorneys for Defendant NEW PRIME, INC.

Gibson, Dunn & Crutcher LLP