**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA PARKER, individually and on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>NEW PRIME INC.,<br><br>    Defendant. | Case No.:  2:20-CV-03298 DOC (AGRX)<br><br>**ORDER APPROVING SETTLEMENT PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT OF 2004 [29]**<br><br>Hon. David O. Carter |

The Parties have filed a Motion to Approve Settlement Pursuant to Private Attorneys General Act of 2004. The Court has reviewed the materials and information submitted by the Parties and HEREBY ORDERS, ADJUDGES, and DECREES as follows:

1. The Plaintiff in this Action, Teresa Parker ("Plaintiff"), and Defendant New Prime Inc. ("Defendant"), have agreed to a settlement agreement that resolves the pending claims under the California Labor Code Private Attorneys General Act of 2004 ("PAGA") ("Stipulation Re PAGA Settlement"). All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re PAGA Settlement.

2. The Court hereby grants approval of the Stipulation Re PAGA Settlement based on the terms set forth in the therein.

3. The Stipulation Re PAGA Settlement was executed by Plaintiff and Defendant. The Court finds that the Stipulation Re PAGA Settlement is entitled to judicial approval and meets all the requirements for approval of a settlement under the PAGA, including that the Parties complied with Labor Code § 2699(l)(2) by submitting a copy of the Stipulation Re PAGA Settlement to the California Labor and Workforce Development Agency ("LWDA").

4. Pursuant to Labor Code § 2699(l)(2), the Court has reviewed the Stipulation Re PAGA Settlement and finds the settlement of PAGA claims described therein to be fair, adequate and reasonable. The Court also finds that the LWDA has not objected to the terms of the Stipulation Re PAGA Settlement. The Court further finds that no other objection to the Stipulation Re PAGA Settlement has been received by the Court.

5. The Court approves and confirms the release of the PAGA claims as defined in paragraph ten (10) of the Stipulation Re PAGA Settlement. The release claims are "all claims and/or causes of action for civil penalties that have been

stated under PAGA and/or which could be stated under PAGA based on the facts alleged in the aforementioned PAGA Notice and/or Complaint, including any rights, demands, penalties, costs, and attorneys' fees arising from or based on such a claim under PAGA." This release applies to the PAGA Settlement Group Members as defined in paragraph seven (7) of the Stipulation Re PAGA Settlement. These are "the eighteen (18) B-Seat Drivers, identified from a diligent search of Defendant's records, who worked with Defendant, who resided in California, and who performed at least fifty percent (50%) of work within the state of California during the Settlement Period." This release is consistent with applicable law. *See Arias v. Superior Court* (2009) 46 Cal. 4th 969, 986 ("with respect to the recovery of civil penalties, nonparty employees as well as the government [i.e., the State of California] are bound by the judgment in an action brought under the [PAGA] . . .").

      6.    The Court also finds that the requested attorneys' fees and costs and costs of administration as set forth in the Settlement are reasonable and hereby are approved. The Court approves Simpluris, Inc as the settlement administrator.

      7.    The Court orders that the Settlement shall be effectuated according to its terms. As provided for in paragraph twenty-one (21) of the Settlement Agreement, the settlement funds shall be tendered by Defendant to the agreed-upon settlement administrator within fourteen (14) calendar days after the date of entry of this Order.

      8.    On June 9, 2020. the Court granted Defendant's Motion to Compel Individual Arbitration and Stay Proceedings as to the PAGA Claim. The parties have notified the Court that Plaintiff's individual claims have been resolved and therefore, those claims are hereby dismissed with prejudice. The Court shall retain continuing jurisdiction over the Parties to this action to ensure effectuation of the

Settlement in accordance with the terms of the Stipulation Re PAGA Settlement and this Order.

9.  Plaintiff shall submit a copy of this Order to the LWDA within ten (10) days of entry of this Order.

10. The hearing currently set for January 31, 2022 is accordingly VACATED.

**IT IS SO ORDERED.   LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 24, 2022    _____
                           Hon. David O. Carter
                           United States District Court Judge